**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TIMOTHY JOHN TOTARO,<br><br>    Plaintiff<br><br>v.<br><br>STEVEN WALSH, et al.,<br><br>    Defendants | Case No.: 3:25-cv-00088-ART-CSD<br><br>**Order**<br><br>Re: ECF No. 40 |

Plaintiff has filed a motion for appointment of counsel. (ECF No. 40.)

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). The court can, however, "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). That being said, the appointment of counsel for an indigent litigant in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff filed two prior motions for appointment of counsel, which the court denied because Plaintiff is not proceeding *in forma pauperis* and there was no indication he could not afford counsel. (ECF No.

In this motion, Plaintiff attaches a financial verification of disability funds received, noting he brings home approximately $1,657 monthly. (ECF No. 40.)

Plaintiff still has not demonstrated he is entitled to the appointment of counsel. The fact that he receives $1,657 per month alone does not demonstrate he is unable to afford counsel. Moreover, he has not demonstrated a likelihood of success on the merits of his claims. In fact, the court has reviewed the allegations and concludes Plaintiff is unlikely to succeed on the merits of his claims. His allegations are vague, conclusory, and he seeks relief from defendants who are immune from such relief. As such, Plaintiff's latest motion for appointment of counsel (ECF No. 40) is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 12, 2026

_____
Craig S. Denney
United States Magistrate Judge

2