UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TIMOTHY JOHN TOTARO,

Plaintiff,

v.

STEVEN WALSH et al.,

Defendants.

Case No. 3:25-cv-00088-ART-CSD

**ORDER ON MOTIONS TO DISMISS**

(ECF No. 30, 33)

*Pro se* Plaintiff Timothy John Totaro alleges wrongs related to a state court proceeding. In his amended complaint, Mr. Totaro named Nevada Ninth Judicial District Judge Thomas Gregory, attorneys Patrick O'King and Mark Jackson, and the Douglas County Sheriff's Office as defendants. (ECF No. 6.) The Court now dismisses Mr. Totaro's complaint in full.

## I.    BACKGROUND

In Mr. Totaro's complaint, the only cause of action explicitly pleaded is the Homestead Act, which he alleges gives the court federal question jurisdiction over the case. (*Id.*) The complaint states that Judge Gregory "allowed multiple occurrences of misjustice in the Plaintiff's case in Douglas County Court," that Mr. O'King "used his position to improperly gain access to my home and belongings," that Mr. Jackson "excluded, denied, and disregarded when I attempted to file this case for my stolen property approx. 4 years ago," and that the Douglas County Sheriff "responded to approximately 13 complaints filed in Douglas County." (*Id.*)

Mr. Jackson, the Douglas County Sheriff, and Judge Gregory move to dismiss Mr. Totaro's claims for lack of subject matter jurisdiction under Rule 12(b)(1), failure to state a claim upon which relief can be granted under Rule 12(b)(6), and on other bases. (ECF Nos. 30, 33.) In response, Mr. Totaro notes that his motion

1

to appoint legal counsel is still pending, and if the court should dismiss, then he should be allowed to amend. (ECF No. 43.)

## II.    LEGAL STANDARD

A jurisdictional attack under Rule 12(b)(1) may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack disputes the sufficiency of the facts alleged to invoke jurisdiction, while a factual attack disputes the truth of the allegations. *Id.* Plaintiffs bear the burden to establish that the Court has jurisdiction over their claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") If a plaintiff has not done so, then their case "must" be dismissed, even if defendants have not so moved. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *see* Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction is a "bedrock" issue which is addressed before other bases for dismissal. *Ruhrgas AG*, 526 U.S. at 583.

If the Court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A *pro se* complaint is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Hebbe v. Pliler*, 627 F.3d

338, 342 (9th Cir. 2010) (stating that "we continue to construe *pro se* filings liberally when evaluating them under *Iqbal*," and "particularly in civil rights cases, . . . to afford the [plaintiff] the benefit of any doubt") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

## III.   DISCUSSION

Mr. Totaro's claims must be dismissed for a facial lack of subject matter jurisdiction. The complaint does not allege controversy arising under federal law. 28 U.S.C. § 1331. In Mr. Totaro's initial and amended complaint, he only mentions one law: the "Homestead Act." It appears that the Homestead Act refers to NRS Chapter 115, a state law. Neither does there appear to be a basis for diversity jurisdiction. 28 U.S.C. § 1332. Mr. Totaro has not alleged that any of the Defendants are domiciled in states other than Nevada.

Mr. Totaro raises his challenges as a *pro se* litigant. Even though his complaint is construed liberally due to his lack of counsel, no basis for exercising jurisdiction can be found. As such, this Court has no discretion to continue to hear his case. *See Ruhrgas AG*, 526 U.S. at 583; *Kokkonen*, 511 U.S. at 377. The infirmity extends to claims against all Defendants. Mr. Jackson and the Sheriff's motion to dismiss for lack of jurisdiction is granted, and the Court *sua sponte* dismisses claims against all other defendants. *See Ruhrgas AG*, 526 U.S. at 583; Fed. R. Civ. P. 12(h)(3). As the lack of subject matter jurisdiction is sufficient to dismiss the case, the Court need not address Defendants' other arguments. *See Ruhrgas AG*, 526 U.S. at 583. Mr. Totaro's complaint will be dismissed without prejudice and with leave to refile with additional jurisdictional facts, if any can be alleged.

## IV.   CONCLUSION

It is hereby ordered that Mark Jackson and the Douglas County Sheriff's Motion to Dismiss is GRANTED. (ECF No. 30.)

It is further ordered that this case is DISMISSED in its entirety without

prejudice and with leave to refile.

It is further ordered that Judge Thomas Gregory's Motion to Dismiss is DENIED AS MOOT. (ECF No. 33.)

The Clerk of Court is kindly directed to enter judgment and close this case.

DATED: June 2, 2026

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4