UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TIMOTHY JOHN TOTARO,

Plaintiff,

v.

STEVEN WALSH, *et al.*,

Defendants.

Case No. 3:25-cv-00088-ART-CSD

ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO REOPEN CASE

(ECF Nos. 66, 67)

Plaintiff Timothy John Totaro filed a pro se complaint against Defendant Steven Walsh, a Douglas County Public Administrator, alleging wrongs related to a state court proceeding. (ECF Nos. 1-1, 1-3.) In his amended complaint, Mr. Totaro named as defendants Nevada Ninth Judicial District Court Judge Thomas Gregory, attorneys Patrick O'King and Mark Jackson, and the Douglas County Sheriff's Office. (ECF No. 6.) The Court dismissed the action for lack of subject-matter jurisdiction and ordered the case closed. (ECF No. 64.)

Now before the Court is Mr. Totaro's filing entitled "Response to Motion to Dismiss" and his subsequent motion to reopen the case. (ECF Nos. 66, 67.) Defendants have not responded to either motion. For the reasons discussed below, both motions are denied.

## I. BACKGROUND

Mr. Totaro initiated this action by filing a complaint form naming Mr. Walsh as the sole defendant (ECF No. 1-1), supplemented by a report providing factual allegations regarding a state court proceeding in Douglas County that resulted in Mr. Walsh assuming control over Mr. Totaro's estate (ECF No. 1-3). He later filed an amended complaint asserting that the Court had federal-question jurisdiction over his claims arising under the Homestead Act, naming defendants not including Mr. Walsh, and asserting that they were responsible for "multiple

occurrences of misjustice" in the state court proceedings leading to Mr. Totaro's "financial ruin" and the loss of his real and personal property. (ECF No. 6.) The amended complaint was labeled throughout with the hand-written word "addendum." (*Id.*)

The Court first dismissed Mr. Walsh from the case on the grounds that he was not named in the amended complaint, which superseded the original. (ECF No. 60.) The Court later dismissed the action as to the remaining defendants, finding that the amended complaint failed to plead a basis for exercising subject-matter jurisdiction. (ECF No. 64.) On June 2, 2026, judgment was entered and the case was closed. (ECF No. 65.)

Mr. Totaro has since filed a motion entitled "Response to Motion to Dismiss" (ECF No. 66) and a follow-up motion to reopen the case (ECF No. 67).

## II. LEGAL STANDARD

The Court first clarifies the proper procedural rule and substantive standard governing Mr. Totaro's motions, which he styles as a "response" to the Court's motion to dismiss (ECF No. 66) and as a "motion to reopen" (ECF No. 67). In his first motion, Mr. Totaro (1) seeks clarification as to why two judges reviewed his case (ECF No. 66 at 1), and (2) contests the Court's finding that the amended complaint only raised a single cause of action under the Homestead Act (*id.* at 2). Mr. Totaro's second motion largely restates the same objection to the Court's dismissal for lack of federal-question jurisdiction. (ECF No. 67.)

Parties may not file responses to contest dispositive court orders. Instead, "[m]otions seeking reconsideration of case-dispositive orders are governed by Fed. R. Civ. P. 59 or 60." LR 59-1; *cf. Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)) (applying Rules 59 and 60 to a motion for reconsideration of summary judgment). Federal Rule of Civil Procedure 59(e) permits parties to move to alter or amend a judgment within 28 days of its entrance. Motions under this rule "should not be

granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). In contrast, Rule 60 permits courts to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect" by the party requesting relief, among other reasons. Fed. R. Civ. P. 60(b)(1); *see Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (describing the standard under Rule 60(b)(1) as turning on the negligence or carelessness of the party seeking relief, not the court).

The label a party places on their motion is not dispositive; rather, courts have discretion to treat mislabeled motions under the appropriate rule. *Taylor*, 871 F.2d at 805. The Court thus elects to treat Mr. Totaro's motions as arising under Rule 59(e), as both motions in essence ask this Court to amend its judgment on the grounds that it committed clear error by finding that he failed to bring a claim under federal law. Mr. Totaro filed his first motion 20 days after judgment was entered (ECF No. 66), making it timely under Rule 59(e), and while his second motion was filed beyond the 28-day window, it largely restates the same arguments made in his first motion (ECF No. 67). The Court can thus adequately resolve Mr. Totaro's arguments by looking solely to his timely motion.

## III. ANALYSIS

Mr. Totaro first asks for clarification as to why two judges reviewed his case. (ECF No. 66 at 1.) The Court directs Mr. Totaro the Federal Magistrates Act of 1968, which was enacted by Congress to modernize the federal judiciary. Under

this act, codified at 28 U.S.C. §§ 631-39, magistrate judges are authorized to resolve pretrial matters and both dispositive and non-dispositive motions subject to district court review. Mr. Totaro's case was assigned to District Judge Anne R. Traum and Magistrate Judge Craig S. Denney, who have adjudicated various aspects of his case pursuant to their authorized powers.

Mr. Totaro next argues that the Court erred by finding that his complaint contained only one claim under the Homestead Act. (ECF No. 66 at 2.) He states that his complaint instead provided allegations to support numerous causes of action arising from Douglas County Court's act of authorizing Mr. Walsh, as public administrator, to assume control over his estate. (*Id.*)

Upon review of the record, the Court is not "left with the definite and firm conviction that a mistake has been committed." *Smith*, 727 F.3d at 955. Defendants moved to dismiss Mr. Totaro's complaint on the grounds that the Court lacked subject-matter jurisdiction over the action, among other reasons. (ECF No. 30 at 4-5.) Subject-matter jurisdiction is a "bedrock" issue that must be addressed before other bases for dismissal. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Once the jurisdictional challenge was raised, the burden to establish the Court's jurisdiction fell on Mr. Totaro. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (cleaned up) ("It is to be presumed that a cause lies outside this [court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

"Federal district courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Id.* (internal citations omitted). To exercise jurisdiction over a civil action, a federal court must have either federal-question jurisdiction or diversity jurisdiction. *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). For the Court to have federal-question jurisdiction, the action must arise under federal law. 28 U.S.C. § 1331. Generally speaking, "[a] cause of action arises under federal law only

when the plaintiff's well-pleaded complaint raises issues of federal law," such as by alleging that the defendants violated a federal statute or the U.S. Constitution. Diversity jurisdiction, meanwhile, exists when the plaintiff's citizenship is diverse from the citizenship of each defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). An individual's citizenship is determined by their state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

In this case, the operative complaint—wherein Mr. Totaro needed to plead some basis for federal court jurisdiction—is the amended complaint filed on February 26, 2025. (ECF No. 6.) When Mr. Totaro filed his amended complaint, "the new pleading supersede[d] the old one," *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 23 (2025), after which point the "original pleading no longer perform[ed] any function in the case," *id.* at 35; *Walker v. State*, 158 F.4th 971, 981 (9th Cir. 2025). In the relevant field of his amended complaint, Mr. Totaro indicated that the Court had federal-question jurisdiction because his claim arises under the "Homestead Act." (ECF No. 6 at 4.) He cited no other law in the amended complaint. Although recognizing that pro se filings are to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam), without further clarification regarding which specific law authorized Mr. Totaro's claims, the Court concluded that the Homestead Act cited by Mr. Totaro refers to state law codified in NRS Chapter 115 and that the complaint thus cited no federal law. (ECF No. 64 at 3.) It also concluded that the complaint provided no basis for diversity jurisdiction, alternatively, and thus dismissed the case as beyond its constitutional authority to adjudicate. (*Id.*)

Mr. Totaro does not contest the determination that the Homestead Act is state law; rather, he disputes the Court's characterization of his complaint as only stating a claim under that law and, interpreted liberally, argues that his filings contained detail sufficient to make out a federal cause of action against

the defendants. (ECF No. 66.) But while Mr. Totaro provided more detailed factual allegations throughout the record regarding the state court proceeding and subsequent estate sale by which he lost his property (ECF Nos. 1-3, 54), he has failed to identify specific federal laws that Defendants have allegedly violated. Furthermore, the detailed allegations he references in his motion are not included in the amended complaint itself.

For these reasons, the Court concludes that Mr. Totaro has failed to meet the high standard required to establish that the Court's judgment (ECF No. 65) should be altered or amended. As stated in the Court's prior order (ECF No. 64 at 3-4), Mr. Totaro's case is dismissed without prejudice, meaning that he is free to file his claims in state court or to file a new action in federal court via a new complaint that alleges facts and specific legal claims sufficient to establish federal court jurisdiction.

## IV. CONCLUSION

It is therefore ordered that Plaintiff's motions to reconsider the Court's judgment and reopen the case (ECF Nos. 66, 67) are DENIED.

Dated this 29th day of October 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE